## Hill v. Garrison, Appellant.

*Married women—Surety for husband—Judgment.*

On an application by a married woman to open a judgment entered on a judgment note which she had signed as surety for her husband, it appeared that the husband was a builder, and had purchased building materials from the plaintiffs to the amount of about $1,000. It was admitted that about $600 worth of the material had gone into the wife's houses. Three hundred dollars was paid at a time when the materials for the wife's houses constituted the only indebtedness of the husband and wife to the plaintiffs. Subsequently an additional $500 was paid. It did not appear whether the two sums paid was the money of the husband or the wife. It was proved that the wife was the surety of her husband upon the note upon which the judgment was entered. *Held,* that the judgment should be opened as to the wife as to the amount in excess of the value of the materials which entered into her houses, less the $300 which constituted the first payment.

Argued April 29, 1902.　Appeal, No. 130, April T., 1902, by defendant, from order of C. P. No. 3, Allegheny Co., Aug. T., 1901, No. 270, opening judgment in case of J. B. Hill & Sons v. Mary A. Garrison and Foster Garrison.　Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Order modified.

Rule to open judgment.

The facts appear by the opinion of the Superior Court.

The court below made the following order:

And now, to wit: February 19, 1902, the above case on the argument list, and argued by counsel for petitioner, and upon consideration thereof, it is ordered that said judgment be opened as to Mary A. Garrison as to all in excess $660.05, being the amount of material that went into her house, and attorney's commission thereon, and that said rule be discharged as to that amount, and petitioner let into a defense as to the balance.

*Error assigned* was the order of the court.

*James T. Buchanan,* for appellant, cited: Pardee v. Markle, 111 Pa. 548; Souder v. Schechterly, 91 Pa. 83; Logan v. Mason, 6 W. & S. 9; Risher v. Risher, 194 Pa. 164.

*A. E. Anderson*, with him *Howard Q. Turner*, for appellee, cited: Voskamp & Co. v. Connor, 173 Pa. 109; Hemphill v. McClimans, 24 Pa. 367; Spotts's Est., 156 Pa. 281; Dennis v. Grove, 4 Pa. Superior Ct. 480; Stephan v. Hudock, 4 Pa. Superior Ct. 474.

Opinion by Beaver, J., May 22, 1902:

The appellant, Mary A. Garrison, presented her petition in the court below, praying to have a judgment, entered against her husband and herself upon a note with warrant of attorney to confess judgment, opened so far as she was concerned and she let into a defense on the ground that she was merely surety for her husband upon the note. A rule to show cause was granted and an answer filed by plaintiffs. Testimony was taken by appellant and, on final hearing, the court made a decree in which "it is ordered that said judgment be opened as to Mary A. Garrison as to all in excess of $660.05, being the amount of material that went into her house, and attorney's commission thereon, and that said rule be discharged as to that amount and petitioner let into a defense as to the balance."

It appears from the testimony that the appellant's husband was a general contractor and builder who dealt with the plaintiffs as lumber merchants, purchasing from them materials which entered into the construction of sundry houses, at least two of which were erected upon the land of the appellant. Bills were furnished from time to time, specifying the various kinds and amounts entering into each job. The appellant's houses were first erected and, before any other materials were furnished other than what were used in her houses and apparently before any other contracts had been made, a payment of $300, was made on account, and subsequently, when the account became general and materials for other houses had been furnished, $500 additional were paid on account.

The appellant admitting that materials aggregating $628.62 entered into the construction of her houses, claims that the cash payments are to be applied to the oldest account, which would more than pay for all the materials for which she would in any event be liable. The plaintiffs, on the other hand, claiming that, inasmuch as it nowhere appears that the money paid or any part of it was the money of the appellant, it is to

be applied as they may elect and that they have applied it to the account of the husband upon the materials which entered into the construction of houses other than those of the appellant.

The court below, in the exercise of its discretion, seeks to preserve and enforce by its decree the general equities which should govern between the plaintiffs and the appellant and with the application of the general principles which underlie this effort we are content, but the court below seems to have overlooked the payment of $300 made at a time when the materials for the appellant's houses constituted the only indebtedness of the defendants, or either of them, to the plaintiffs. So far as the testimony shows, no other materials had been furnished and no contracts for future delivery had been made. That payment, therefore, whether the money of appellant or her husband, could only have been made, so far as the testimony shows, on account of the materials for her houses and must be so applied. The court evidently finds, as a fact, which is incorporated in its decree, that the amount of materials entering into appellant's houses was $628.62 which, with an attorney's commission of five per cent—$31.43—equals the exact amount for which the judgment was allowed to stand.

It is clear from the testimony that the wife became the surety of her husband upon the note in controversy, but admitting that a portion of the indebtedness was her own, or at least incurred in and about the improvement of her separate estate and that she was morally bound in equity and good conscience to pay therefor and that this moral obligation constituted a good consideration for the note, it would be so only to the extent of the benefits received by her.

There is an attempt in the appellee's argument to charge the appellant with the materials for the Hay house, on the ground that it was hers, but there is no evidence to sustain the claim, and it is at least inferentially denied in the appellant's testimony and directly by her husband, and is not sustained by the court's finding as contained in the decree.

We are of the opinion also that appellant should be charged with interest from the time at least when her houses were finished—say July 1, 1900. Deducting, therefore, the payment of $300 made in June, 1900, from $628.62, there would be a bal-

ance of $328.62, which, with interest from July 1, 1900, and attorney's commission thereon, is the amount for which the judgment should be held valid and, as so modified, the decree of the court below is affirmed and the record remitted to enter decree accordingly. Costs of this appeal to be paid by appellant.